# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JUANITA CARMONA | : | |
| | : | Civil Action No. _____ |
| Plaintiff, | : | |
| | : | |
| v. | ; | **NOTICE OF REMOVAL** |
| | : | |
| FEDEX GROUND PACKAGE | : | |
| SYSTEM, INC., ET AL. | : | |
| | : | |
| Defendant. | : | |
| | : | |

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §1332(a), Defendant FedEx Ground Package System, Inc. ("Defendant" or "FedEx Ground"), by and through its undersigned counsel, hereby removes the above-captioned action from the Superior Court of New Jersey, Law Division, Essex County, to this Court.  The grounds for removal are as follows:

## I.      Proceedings to Date.

1.      On or about August 11, 2022 Plaintiff Juanita Carmona filed a Complaint ("Complaint") in the Superior Court of New Jersey, Law Division, Essex County, captioned *Juanita Carmona v. FedEx Ground Package System, Inc., Shaneika Doe, and John Does 1-5 and John Does 6-10*, Docket No. ESX-L-4352-22.

2.      On August 12, 2022, the Summons and Complaint described above was served on Defendant FedEx Ground Package System, Inc.

3.      This Notice of Removal is timely filed within 30 days of service of the Complaint on Defendant and therefore is timely pursuant to 28 U.S.C. §1446(b).

4.      Pursuant to 28 U.S.C. §1446(a), a copy of the Summons, Complaint, Civil Case Information Statement, and Track Assignment Notice, which are all of the "process, pleadings, and orders" served upon Defendants in this matter, are attached hereto as **Exhibit A**.

## II.     Removal Based on Diversity of Citizenship.

5.      Diversity jurisdiction exists where the parties are diverse of citizenship and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  28 U.S.C. §1332(a).

6.      According to the Complaint, and on information and belief, Plaintiff is a citizen of the State of New Jersey.

7.      In determining corporate citizenship for purposes of diversity jurisdiction, a corporation shall be deemed a citizen of any State in which it has been incorporated and of the State where it has its principal place of business.  *Cont'l Cas. Co. v. DD Care Mgmt., LLC*, No. 3:21-CV-19806, 2022 WL 2870207, at *2 (D.N.J. July 21, 2022).  FedEx is a Delaware corporation with its principal place of business in Pennsylvania.  *See* Declaration of Matthew Endlish at ¶ 3, a true and correct copy of which is attached hereto at **Exhibit B**.

8.      Therefore, Defendant is a citizen of Pennsylvania and Delaware.

9.      The identifies of John Does 1-10 are unknown, and thus their citizenship is disregarded for the purposes of diversity pursuant to 28 U.S.C. §1441(b).

10.      The identity of Shaneika Doe is similarly unknown, and, therefore, her citizenship is disregarded for the purposes of diversity pursuant to 28 U.S.C. §1441(b).  *See Aiello v. Grubelic*, No. CV-2017-227-RBK-KMW, 2021 WL 2709479, at *1 (D.N.J. July 1, 2021).  The court can later exercise discretion and permit amendment to include non-diverse defendants.  See *Scott v. Dollar Tree Stores, Inc.*, No. CV 17-9168 (JLL), 2017 WL 6447872, at *3 (D.N.J. Dec. 18, 2017).

11.     Accordingly, diversity of citizenship existed among the parties when the Complaint was filed on or about August 11, 2012.  Diversity of citizenship still exists among the parties at the time this Notice of Removal is being filed.

12.     The amount in controversy can be determined from the complaint or from other sources, including statements made in the notice of removal.  *Rahwar v. Nootz*, 863 F. Supp. 191, 192 (D. N.J. 1994) (confirming that the court can review a variety of sources, including the complaint, petition for removal and correspondence between the parties, to determine the amount in controversy).

13.     The $75,000 threshold necessary for diversity jurisdiction is not particularly burdensome.  In fact, when seeking removal of a state action to federal court based on diversity jurisdiction, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014).

14.     In determining the $75,000 threshold, a court may also consider the aggregate value of claims for compensatory and punitive damages.  *See e.g., Bell v. Preferred Life Society*, 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount.").

15.     In the instant case, Plaintiff alleges seven causes of action relating to her employment with Defendant her separation therefrom.  Compl. p. 5-10.  Plaintiff seeks recovery of compensatory damages, non-economic compensatory damages, punitive damages, interest, costs of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and "any other relief the Court deems equitable and just."  *Id.* at p. 10.

16.     Plaintiff was earning $17.00 per hour at the time of her termination and working approximately 28 hours per week at the time of her termination on January 12, 2022.  *See* Ex. B at ¶ 4.

17.     Plaintiff was terminated on January 12, 2022.  *See id.*

18.     Plaintiff is therefore seeking $15,708 in backpay as of today, which represents 33 weeks of pay.

19.     Likewise, two years of front pay, the standard often sought and awarded in this jurisdiction, would equal approximately $49,500.

20.     Therefore, backpay and front pay alone, without regard to emotional distress or attorneys' fees, totals approximately $65,000.

21.     Further, Plaintiff brings claims under the New Jersey Law Against Discrimination ("NJLAD").  *See generally* Compl.  This statute provides for punitive damages and attorneys' fees. N.J.S.A. 10:5-27.1 (NJLAD).  Even where the Court lacks the information required to calculate attorneys' fees, it is difficult to believe that the amount in controversy could be lower than $75,000 when attorneys' fees are factored in along with other available damages.  *Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997) (holding that "attorneys' fees are necessarily part of the amount in controversy if such fees are available to successful plaintiffs under the statutory cause of action.").  Simply put, it is more than likely that Plaintiff's attorneys' fees, alone, will exceed $75,000 if this matter goes to trial.

22.     In any event, the attorneys' fees will, in addition to Plaintiff's individual claims, satisfy the amount in controversy.

23.     Thus, based on the nature of the allegations, Plaintiff has placed in controversy an amount exceeding $75,000.00, exclusive of costs and interest.

24.     Therefore, the United States District Court for the District of New Jersey has subject matter jurisdiction under 28 U.S.C. §1332(a) because this is a civil action in which there is complete diversity between Plaintiff and Defendants and in which the amount in controversy exceeds $75,000, exclusive of interest and costs.

25.     Consequently, this action is removable to federal court pursuant to 28 U.S.C. §1441.

**III.   Venue.**

26.     This action is currently pending in the Superior Court of New Jersey, Law Division, Essex County, which is within this judicial district.  28 U.S.C. §110.  This Court is accordingly the proper venue for removal.

**IV.   Notice.**

23.     Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal is being filed with the Clerk of the Superior Court of New Jersey, Law Division, Essex County via eCourts and is being served upon Plaintiff's counsel of record.  A copy of the Notice of Removal to the State Court is attached hereto as **Exhibit C.**

**V.   Conclusion.**

27.     For the foregoing reasons, Defendant hereby removes this action from State Court to this Court.

28.     By filing this Notice of Removal, Defendant does not waive any defects in service of process, venue, or personal jurisdiction, nor does it waive any other defenses available to it.

**FISHER & PHILLIPS LLP**

Date:   September 1, 2022          By:      _/s/ Samantha Sherwood Bononno_
                                           Samantha Sherwood Bononno, Esquire
                                           Two Logan Square

100 N. 18th Street, 12th Floor
Philadelphia, PA 19103
(610) 230-2150 – Telephone
(610) 230-2151 – Facsimile
sbononno@fisherphillips.com

*Counsel for Defendant FedEx Ground
Package Systems, Inc.*

## **CERTIFICATE OF SERVICE**

I, Samantha Sherwood Bononno, Esquire, hereby certify that on this 1st day of September

2022, a true and correct copy of Defendant FedEx Ground Package System, Inc.'s Notice of

Removal was served upon the following attorney via first-class mail and email:

Jacquelyn R. Matchett, Esquire
Costello & Mains, LLC
18000 Horizon Way, Suite 800
Mt. Laurel, New Jersey 08054


_/s/ Samantha Sherwood Bononno_
Samantha Sherwood Bononno

# EXHIBIT A

**COSTELLO & MAINS, LLC**
By:  Jacquelyn R. Matchett
Attorney I.D. No. 107622014
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
jmatchett@costellomains.com
Attorneys for Plaintiff

|  |  |
|---|---|
| JUANITA CARMONA, | : SUPERIOR COURT OF NEW JERSEY |
|  | : ESSEX COUNTY – LAW DIVISION |
|  | : |
| Plaintiff, | :     CIVIL ACTION |
| vs. | : |
|  | : |
|  | : DOCKET NO: |
| FEDEX GROUND PACKAGE SYSTEM, | : |
| INC.; SHANEIKA DOE; and JOHN DOES | : |
| 1-5 AND JOHN DOES 6-10, | : **COMPLAINT AND JURY DEMAND** |
|  | : |
| Defendants. | : |

Plaintiff, Juanita Carmona, residing in Essex County, New Jersey, by way of Complaint against the Defendants, says:

**Preliminary Statement**

Plaintiff brings this suit pursuant to the New Jersey Law Against Discrimination ("LAD") alleging disability discrimination, perception of disability discrimination, gender discrimination, and retaliation.  Plaintiff was discriminated against by Supervisor Shaneika Doe in that she aided and abetted the company in the discrimination.  This matter is further opened to remedy violations of the doctrines set forth in *Pierce v. Ortho Pharmaceutical* and *Lally v. Copy Graphics, Inc.*

**Identification of Parties**

1.      Plaintiff Juanita Carmona is, at all relevant times herein, a resident of the State of New Jersey and a former employee of the Defendants.

2.      Defendant FedEx Ground Package System, Inc. ("FedEx") is, at all relevant times herein, a corporation conducting business in the State of New Jersey at 6000 Riverside Drive, Keasbey, New Jersey 08832, and, at all relevant times herein, was the employer of Plaintiff.

3.      Individual Defendant, Shaneika Doe ("Shaneika"), at all relevant times herein, was the employer of Plaintiff.

4.      Individual Defendant, Shaneika Doe is, at all relevant times herein, a member of upper management within the meaning of that term under the LAD and is liable to Plaintiff for reasons outlined below.

5.      Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the Plaintiff for the acts set forth herein.

**General Allegations**

6.      Plaintiff began working for Defendants as a package handler beginning in or around January 2021.

7.      Plaintiff is female.

8.      At all relevant times herein, Plaintiff performed her duties up to or beyond the reasonable expectations of her employer.

9.      Due to the labor required in her position, in or around late December 2021, Plaintiff's wrists began swelling and she began to experience significant pain.

10.     Plaintiff subsequently sought treatment for her pain and was excused from work from January 3 to January 10, 2022, by her doctor.

11.     Plaintiff provided the note to Defendants.

12.     Plaintiff was disabled within the meaning of that term under the LAD.

13.     In addition, and/or in the alternative, Plaintiff was perceived as disabled by Defendants.

14.     As Plaintiff's injuries occurred as a result of her employment, Defendants were put on notice that Plaintiff may utilize her Workers' Compensation rights.

15.     Plaintiff returned to work on or around January 10, 2022, with her wrist wrapped.

16.     At one point, Shaneika came over to Plaintiff's truck and asked Plaintiff why she was not working.

17.     Plaintiff informed Shaneika she was loading the truck and continued to work.

18.     Shaneika subsequently left Plaintiff alone; however, she returned a while later telling Plaintiff, "You do not want to work today.  You can leave."

19.     Plaintiff did not respond and continued to work.

20.     Shaneika subsequently left and later returned again stating, "I need you off the truck, give me your I.D., you are fired."

21.     Plaintiff asked what Shaneika meant as Plaintiff was working and continued to work throughout the day.

22.     Shaneika repeated to Plaintiff that she needed her I.D. and told Plaintiff to leave.

23.     Plaintiff stated she would give her I.D. to a different supervisor as she wanted to discuss why she was being terminated.

24.     Shaneika responded, "Bitch, you have to get out of here."

25.     Shaneika subsequently walked away yelling, "Get this bitch out of here," multiple times.

26.     Shaneika continued to yell and curse at Plaintiff.

27.     Plaintiff put her I.D. down and began to leave the facility.

28.     The floor manager along with another supervisor, Mike (last name unknown), asked Plaintiff where she was going.

29.     Plaintiff explained what had just occurred with Shaneika and made a complaint regarding the language she used.

30.     In making this complaint, Plaintiff engaged in LAD-protected activity.

31.     The floor manager told Plaintiff if she left the facility, it would be considered a resignation.

32.     Plaintiff reiterated she had just been terminated, twice, and was told to leave her I.D. and left for the day.

33.     The following day, Plaintiff reached out to Human Resources to explain the incident that had occurred and to make a complaint regarding Shaneika's behavior.

34.     In doing so, Plaintiff further engaged in LAD-protected activity.

35.     The Human Resources representative told Plaintiff their system noted that she had voluntarily resigned.

36.     Plaintiff subsequently made an additional complaint with a different member of Human Resources as well as through "Ethics Point," a system Defendants have in place where complaints can be made.

37.     Plaintiff has not been contacted regarding her complaints.

38.     A determinative and/or motivating factor in Plaintiff's discharge was Plaintiff's disability and/or Defendants' perception thereof.

39.     In addition, and/or in the further alternative, the determinative and/or motivating factor in Plaintiff's discharge was Plaintiff's LAD protected conduct.

40.     Further still, a determinative and/or motivating factor in Plaintiff's discharge was Plaintiff's use, or perceptions held thereof, of Workers' Compensation benefits.

41.     As a result of the actions of Defendants, Plaintiff has been forced to suffer economic and emotional harms.

42.     Because the actions of Defendants were egregious and because members of upper management participated in and/or were willfully indifferent to the same, punitive damages are warranted.

## COUNT I

### Disability Discrimination

43.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 42, as though fully set forth herein.

44.     The conduct set forth above constitutes disability discrimination in violation of the LAD and is the responsibility of the Defendants, jointly and severally, both in compensatory and punitive damages, for the reasons set forth above.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, non-economic compensatory damages, punitive damages, interest, costs of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT II

### Perception of Disability Discrimination under the LAD

45.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 44, as though fully set forth herein.

46.     The conduct set forth above constitutes perception of disability discrimination in violation of the LAD and is the responsibility of the Defendants, jointly and severally, both in compensatory and punitive damages, for the reasons set forth above.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, non-economic compensatory damages, punitive damages, interest, costs of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT III

### Gender Discrimination under the LAD

47.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 46, as though fully set forth herein.

48.     The conduct set forth above constitutes gender discrimination in violation of the LAD and is the responsibility of the Defendants, jointly and severally, both in compensatory and punitive damages, for the reasons set forth above.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, non-economic compensatory damages, punitive damages, interest, costs of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT IV

### Retaliation under the LAD

49.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 48, as though fully set forth herein.

50.     Plaintiff engaged in protected activity under the LAD, in that she informed Defendants of her disability and made complaints regarding the discriminatory behavior she was subjected to.

51.     As a result of this protected activity, Plaintiff was subjected to adverse employment actions which includes her termination.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, non-economic compensatory damages, punitive damages, interest, costs of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT V

### <u>Aiding and Abetting as to all Defendants</u>

52.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 51, as though fully set forth herein.

53.     Plaintiff contends that all Defendants aided and abetted one another, including the company itself, and that, as a consequence, individual liability is to be deposed on Defendant Shaneika Doe.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, non-economic compensatory damages, punitive damages, interest, costd of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT VI

### <u>*Lally v. Copy Graphics, Inc.*</u>

54.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 53, as though fully set forth herein.

55.     To the extent that a determinative and/or motivating factor in Plaintiff's discharge was the fact that Plaintiff exercised her rights pursuant to the New Jersey Workers' Compensation Law, or the perception that she would, her discharge is actionable under the common law, as a violation of clear mandate of public policy pursuant to *Pierce v. Ortho Pharmaceuticals, Inc.* and *Lally v. Copy Graphics, Inc.*

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, non-economic compensatory damages, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT VII

### **Request for Equitable Relief**

56.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 55, as though fully set forth herein.

57.     Plaintiff requests the following equitable remedies and relief in this matter.

58.     Plaintiff requests a declaration by this Court that the practices contested herein violate New Jersey law as set forth herein.

59.     Plaintiff requests that this Court order the Defendants to cease and desist all conduct inconsistent with the claims made herein going forward, both as to the specific Plaintiff and as to all other individuals similarly situated.

60.     To the extent that Plaintiff was separated from employment and to the extent that the separation is contested herein, Plaintiff requests equitable reinstatement, with equitable back pay and front pay.

61.     Plaintiff requests, that in the event that equitable reinstatement and/or equitable back pay and equitable front pay is ordered to the Plaintiff, that all lost wages, benefits, fringe benefits and other remuneration is also equitably restored to the Plaintiff.

62.     Plaintiff requests that the Court equitably order the Defendants to pay costs and attorneys' fees along with statutory and required enhancements to said attorneys' fees.

63.     Plaintiff requests that the Court order the Defendants to alter their files so as to expunge any reference to which the Court finds violates the statutes implicated herein.

64.     Plaintiff requests that the Court do such other equity as is reasonable, appropriate and just.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, costs of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

**COSTELLO & MAINS, LLC**

**By:**     */s/ Jacquelyn R. Matchett*
           **Jacquelyn R. Matchett**

Dated: July 27, 2022

## DEMAND TO PRESERVE EVIDENCE

1.      All Defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's cause of action and/or prayers for relief, to any defenses to same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

2.      Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

**COSTELLO & MAINS, LLC**

**By:**      _/s/ Jacquelyn R. Matchett_____
        **Jacquelyn R. Matchett**

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

**COSTELLO & MAINS, LLC**

**By:**      _/s/ Jacquelyn R. Matchett_____
        **Jacquelyn R. Matchett**

## RULE 4:5-1 CERTIFICATION

1.      I am licensed to practice law in New Jersey and am responsible for the captioned

matter.

2.      I am aware of no other matter currently filed or pending in any court in any

jurisdiction which may affect the parties or matters described herein.

**COSTELLO & MAINS, LLC**


**By:**    _/s/ Jacquelyn R. Matchett_____
**Jacquelyn R. Matchett**



## DESIGNATION OF TRIAL COUNSEL

Jacquelyn R. Matchett, Esquire, of the law firm of Costello & Mains, LLC, is hereby-

designated trial counsel.

**COSTELLO & MAINS, LLC**


**By:**    _/s/ Jacquelyn R. Matchett_____
**Jacquelyn R. Matchett**

# Civil Case Information Statement

**Case Details: ESSEX | Civil Part Docket# L-004352-22**

**Case Caption:** CARMONA JUANITA  VS FEDEX GROUND
PACKAGE  SYSTEM,

**Case Initiation Date:** 07/27/2022

**Attorney Name:** JACQUELYN ROSETTA MATCHETT

**Firm Name:** COSTELLO & MAINS LLC

**Address:** 18000 HORIZON WAY STE 800

MT LAUREL NJ 080544319

**Phone:** 8567279700

**Name of Party:** PLAINTIFF : CARMONA, JUANITA

**Name of Defendant's Primary Insurance Company**

(if known): Unknown

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same
transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: JUANITA CARMONA?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO

**If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO

**If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO


I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

07/27/2022                                                    /s/ JACQUELYN ROSETTA MATCHETT

Dated                                                                                        Signed

**ESSEX COUNTY - CIVIL DIVISION**
**SUPERIOR COURT OF NJ**
**465 MARTIN LUTHER KING JR BLVD**
**NEWARK          NJ 07102**

                                        TRACK ASSIGNMENT NOTICE

**COURT TELEPHONE NO. (973) 776-9300**
**COURT HOURS  8:30 AM - 4:30 PM**

                        DATE:   JULY 27, 2022
                        RE:     CARMONA JUANITA  VS FEDEX GROUND PACKAGE  SYSTEM,
                        DOCKET: ESX L -004352 22

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

     DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON ANNETTE SCOCA

      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      002
AT:  (973) 776-9300 EXT 56908.

      IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
      PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                        ATTENTION:

                             ATT: JACQUELYN R. MATCHETT
                             COSTELLO & MAINS LLC
                             18000 HORIZON WAY
                             STE 800
                             MT LAUREL       NJ 08054-4319

**ECOURTS**

JUANITA CARMONA           Plaintiff

       vs.

FEDEX GROUND PACKAGE SYSTEM,    Defendant
INC, et al.

**Person to be served** (Name & Address):
Fed-Ex Ground Package System, Inc.
C/O The Corporation Trust Company
820 Bear Tavern Road
West Trenton, NJ 08628

**Attorney:**
JACQUELYN MATCHETT, ESQ

Superior Court of New Jersey
Law Division
Essex County
Docket Number: ESX-L-004352-22

# AFFIDAVIT OF SERVICE

(For Use by Private Service)



STS2022028044

Cost of Service pursuant to R. 4:4-3(c)

$_____

**Papers Served:** Letter, Summons, Complaint, Demand to Preserve Evidence, Jury Demand, Rule 4:5-1 Certification, Designation Of Trial Counsel, CIS, Track Assignment Notice, Plaintiff's First Set of Interrogatories Directed to Defendants, Definitions, Instructions, Interrogatories, Certification, Plaintiff's First Request For Production Of Documents, Lawyer Referral List

**Service Data:**

Served Successfully __X__     Not Served _____     Date: 8/12/2022_____     Time: 9:37 am_____         Attempts:_____

_____    Delivered a copy to him / her personally

_____    Left a copy with a competent household member over 14 years of age residing therein

___X___    Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc.

Name of Person Served and relationship / title:

Alexis Rhodes_____

Registered Agent/Managing Agent At RA Office_____

**Description of Person Accepting Service:**

Sex: F____    Age: 24____    Height: 5'5"____    Weight: 140___    Skin Color: Brown_____     Hair Color: Black_____

**Comments or Remarks:**

**Server Data:**

To Be Used Where Electronic Signature Not Available
Served Data: Subscribed and Sworn to before me on
_____2022 by the affiant who is personally known to me.

_____
NOTARY PUBLIC

HelloSign Approved E-Signature

I, Sharon McCabe Villa, was at the time of service a competent adult not having a direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

_____     08 / 12 / 2022
Signature of Process Server                      Date

STATUS, L.L.C.
PO Box 370
Bayville, NJ 08721
(908) 688-1414
Our Job Serial Number: STS-2022028044
Ref: NA

 **HELLOSIGN**

Audit Trail

| | |
|---|---|
| **TITLE** | Affidavit of Service for Signature |
| **FILE NAME** | L-2022028044-Affidavit-For-Signature.pdf |
| **DOCUMENT ID** | 8d59511c992f9719d50f5712b2123f6ba3a0dbe4 |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Signed |

## Document History

| | | |
|---|---|---|
| **SENT** | **08 / 12 / 2022**<br>14:00:29 UTC | Sent for signature to Sharon McCabe Villa (svilla0826@yahoo.com) from angela@simplystatus.com<br>IP: 69.28.71.199 |
| **VIEWED** | **08 / 12 / 2022**<br>16:33:15 UTC | Viewed by Sharon McCabe Villa (svilla0826@yahoo.com)<br>IP: 107.77.202.34 |
| **SIGNED** | **08 / 12 / 2022**<br>16:33:22 UTC | Signed by Sharon McCabe Villa (svilla0826@yahoo.com)<br>IP: 107.77.202.34 |
| **COMPLETED** | **08 / 12 / 2022**<br>16:33:22 UTC | The document has been completed. |

JUANITA CARMONA          Plaintiff

vs.

FEDEX GROUND PACKAGE SYSTEM,      Defendant
INC, et al.

Superior Court of New Jersey
Law Division
Essex County
Docket Number: ESX-L-004352-22

**Person to be served** (Name & Address):
Shaneika Doe
C/O Federal Express Corporation, C/O The Corporation Trust
Company
820 Bear Tavern Road
West Trenton, NJ 08628

## AFFIDAVIT OF SERVICE

(For Use by Private Service)

STS2022028046

Cost of Service pursuant to R. 4:4-3(c)

$_____

**Attorney:**
JACQUELYN MATCHETT, ESQ

**Papers Served:**  Letter, Summons, Complaint, Demand to Preserve Evidence, Jury Demand, Rule 4:5-1 Certification,
Designation Of Trial Counsel, CIS, Track Assignment Notice, Plaintiff's First Set of Interrogatories Directed to Defendants,
Definitions, Instructions, Interrogatories, Certification, Plaintiff's First Request For Production Of  Documents, Lawyer Referral
List

**Service Data:**

Served Successfully__**X**___     Not Served_____     Date: 8/12/2022_____     Time: 9:37 am____       Attempts:_____

_____    Delivered a copy to him / her personally

_____    Left a copy with a competent household
member over 14 years of age residing
therein

____**X**_____    Left a copy with a person authorized to
accept service, e.g. managing agent,
registered agent, etc.

Name of Person Served and relationship / title:

Alexis Rhodes_____

Registered Agent/Managing Agent At RA Office_____

**Description of Person Accepting Service:**

Sex: F____     Age: 24___     Height: 5'5"___     Weight: 140__     Skin Color: Brown_____     Hair Color: Black_____

**Comments or Remarks:**

**Server Data:**

To Be Used Where Electronic Signature Not Available
Served Data: Subscribed and Sworn to before me on
_____2022 by the affiant who is personally known to
me.

_____
NOTARY PUBLIC

HelloSign Approved E-Signature

I, Sharon McCabe Villa, was at the time of service a
competent adult not having a direct interest in the
litigation.  I declare under penalty of perjury that the
foregoing is true and correct.

_____     08 / 12 / 2022
Signature of Process Server                 Date

STATUS, L.L.C.
PO Box 370
Bayville, NJ 08721
(908) 688-1414
Our Job Serial Number: STS-2022028046
Ref: NA

 **HELLOSIGN**

Audit Trail

| | |
|---|---|
| **TITLE** | Affidavit of Service for Signature |
| **FILE NAME** | L-2022028046-Affidavit-For-Signature.pdf |
| **DOCUMENT ID** | fb9b573c4d11fa9c26974c72ab88428992d99b53 |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Signed |

## Document History

| | | |
|---|---|---|
| **SENT** | **08 / 12 / 2022**<br>14:00:30 UTC | Sent for signature to Sharon McCabe Villa (svilla0826@yahoo.com) from angela@simplystatus.com<br>IP: 69.28.71.199 |
| **VIEWED** | **08 / 12 / 2022**<br>16:32:56 UTC | Viewed by Sharon McCabe Villa (svilla0826@yahoo.com)<br>IP: 107.77.202.34 |
| **SIGNED** | **08 / 12 / 2022**<br>16:33:04 UTC | Signed by Sharon McCabe Villa (svilla0826@yahoo.com)<br>IP: 107.77.202.34 |
| **COMPLETED** | **08 / 12 / 2022**<br>16:33:04 UTC | The document has been completed. |

# Case Summary

**Case Number:** ESX L-004352-22

**Case Caption:** Carmona Juanita  Vs Fedex Ground Package  System,

| | | |
|---|---|---|
| **Court:** Civil Part | **Venue:** Essex | **Case Initiation Date:** 07/27/2022 |
| **Case Type:** Law Against Discrimination (Lad) Cases | **Case Status:** Active | **Jury Demand:** 6 Jurors |
| **Case Track:** 3 | **Judge:** Annette Scoca | **Team:** 2 |
| **Original Discovery End Date:** | **Current Discovery End Date:** | **# of DED Extensions:** 0 |
| **Original Arbitration Date:** | **Current Arbitration Date:** | **# of Arb Adjournments:** 0 |
| **Original Trial Date:** | **Current Trial Date:** | **# of Trial Date Adjournments:** 0 |
| **Disposition Date:** | **Case Disposition:** Open | **Statewide Lien:** |

**Plaintiffs**

**Juanita  Carmona**

| | | |
|---|---|---|
| **Party Description:** Individual | | **Attorney Name:** Jacquelyn Rosetta Matchett |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID:** 107622014 |
| **City:** | **State:** NJ | **Zip:** 00000 | **Phone:** |
| **Attorney Email:** JMATCHETT@COSTELLOMAINS.COM | | |

**Defendants**

**Fedex Ground Packagesystem,I AKA  Fedex Ground Package System, Inc.**

| | | |
|---|---|---|
| **Party Description:** Business | | **Attorney Name:** |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID** |
| **City:** | **State:** NJ | **Zip:** 00000 | **Phone:** |
| **Attorney Email:** | | |

**Shaneika  Doe**

| | | |
|---|---|---|
| **Party Description:** Individual | | **Attorney Name:** |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID** |
| **City:** | **State:** NJ | **Zip:** 00000 | **Phone:** |
| **Attorney Email:** | | |

**John Does 1-5**

| | | |
|---|---|---|
| **Party Description:** Fictitious | | **Attorney Name:** |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID** |
| **City:** | **State:** | **Zip:** 00000 | **Phone:** |
| **Attorney Email:** | | |

**John Does 6-10**

| | | |
|---|---|---|
| **Party Description:** Fictitious | | **Attorney Name:** |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID** |
| **City:** | **State:** | **Zip:** 00000 | **Phone:** |
| **Attorney Email:** | | |

**Case Actions**

| Filed Date | Docket Text | Transaction ID | Entry Date |
|---|---|---|---|
| 07/27/2022 | Complaint with Jury Demand for ESX-L-004352-22 submitted by MATCHETT, JACQUELYN ROSETTA, COSTELLO & MAINS LLC on behalf of JUANITA CARMONA against FEDEX GROUND PACKAGE SYSTEM, I, SHANEIKA DOE, JOHN DOES 1-5, JOHN DOES 6-10 | LCV20222751278 | 07/27/2022 |
| 07/28/2022 | TRACK ASSIGNMENT Notice submitted by Case Management | LCV20222760895 | 07/28/2022 |
| 08/15/2022 | AFFIDAVIT OF SERVICE submitted by MATCHETT, JACQUELYN, ROSETTA of COSTELLO & MAINS LLC on behalf of JUANITA CARMONA against FEDEX GROUND PACKAGE SYSTEM, INC., SHANEIKA  DOE, JOHN DOES 1-5, JOHN DOES 6-10 | LCV20222958446 | 08/15/2022 |
| 08/15/2022 | AFFIDAVIT OF SERVICE submitted by MATCHETT, JACQUELYN, ROSETTA of COSTELLO & MAINS LLC on behalf of JUANITA  CARMONA against FEDEX GROUND PACKAGE SYSTEM, INC., SHANEIKA  DOE, JOHN DOES 1-5, JOHN DOES 6-10 | LCV20222958548 | 08/15/2022 |

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|                                    |   |                                                      |
|------------------------------------|---|------------------------------------------------------|
|                                    | : |                                                      |
| JUANITA CARMONA                    | : |                                                      |
|                                    | : | Civil Action No. _____            |
| Plaintiff,                         | : |                                                      |
|                                    | : |                                                      |
| v.                                 | ; | **DECLARATION OF MATTHE ENDLISH IN**                 |
|                                    | : | **SUPPORT OF DEFENDANT FEDEX**                       |
| FEDEX GROUND PACKAGE               | : | **GROUND PACKAGE SYSTEM, INC.'S**                    |
| SYSTEM, INC., ET AL.               | : | **NOTICE OF REMOVAL**                                |
|                                    | : |                                                      |
| Defendant.                         | : |                                                      |
|                                    | : |                                                      |

## <u>DECLARATION OF MATTHEW ENDLISH</u>

I, Matthew Endlish, hereby declare and state as follows:

1.  I am over the age of 18 and have personal knowledge of the facts contained within this declaration.  If called to testify, I could and would testify as to each of the facts set forth in this declaration.

2.  I am currently employed by FedEx Ground Package Systems, Inc. as a Senior Paralegal.

3.  FedEx Ground Package Systems, Inc. is a Delaware Corporation with its principal place of business in Pennsylvania.

4.  At the time of Juanita Carmona's separation from employment on January 12, 2022, she was earning an hourly rate of $17.00 per hour and was working approximately 28 hours per week.

5. Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the

foregoing is true and correct.


Executed on September 1, 2022 in Pittsburgh, Pennsylvania


*Matthew Endlish*

Matthew Endlish

# EXHIBIT C

Samantha Sherwood Bononno, Esquire (016362009)
FISHER & PHILLIPS LLP
Two Logan Square
100 N. 18th Street, 12th Floor
Philadelphia, PA 19103
(610) 230-2150 – Telephone
(610) 230-2151 – Facsimile
sbononno@fisherphillips.com

*Counsel for Defendant FedEx Ground*
*Package Systems, Inc.*

|  |  |
|---|---|
| JUANITA CARMONA<br><br>        Plaintiffs,<br><br>    v.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC.<br>ET AL.,<br><br>        Defendants. | SUPERIOR COURT OF NEW JERSEY<br>ESSEX COUNTY<br><br>Docket No. ESX-L-4352-22<br><br><br>**NOTICE OF FILING**<br>**NOTICE OF REMOVAL** |

TO THE CLERK OF COURT, PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant FedEx Ground Package Systems, Inc. ("FedEx Ground" or "Defendant") has removed this action to the United States District Court for the District of New Jersey, Trenton Division, pursuant to 28 U.S.C. § 1332.

Attached to this notice as **Exhibit A** is a copy of the Notice of Removal filed with the United States District Court for the District of New Jersey, Trenton Division.  Pursuant to 28 U.S.C. § 1446(d), this Court shall proceed no further unless and until the case is remanded by order of the United States District Court.

**FISHER & PHILLIPS LLP**

Date:   September 1, 2022               By:     /s/ Samantha Sherwood Bononno
                                                Samantha Sherwood Bononno, Esquire
                                                Two Logan Square
                                                100 N. 18th Street, 12th Floor
                                                Philadelphia, PA 19103
                                                (610) 230-2150 – Telephone
                                                (610) 230-2151 – Facsimile
                                                sbononno@fisherphillips.com

                                                *Counsel for Defendant FedEx Ground
                                                Package Systems, Inc.*

FP 44976470.1

## <u>CERTIFICATE OF SERVICE</u>

I, Samantha Sherwood Bononno, Esquire, hereby certify that on this 1st day of September

2022, the above and foregoing document was filed and served via the eCourts and served by first

class U.S. Mail to the following counsel of record:

        Jacquelyn R. Matchett, Esquire
        Costello & Mains, LLC
        18000 Horizon Way, Suite 800
        Mt. Laurel, New Jersey 08054

                                       */s/ Samantha Sherwood Bononno*
                                         Samantha Sherwood Bononno